```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
LILLIAN R. DEJAC,

                         Plaintiff,               06-CV-0432 E

            v.                                    DECISION
                                                  and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Lillian R. Dejac ("Plaintiff") brings this action pursuant to the Social Security Act § 216(i) and § 223, seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits.[1] Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") William J. Reddy denying his application for benefits was not supported by substantial evidence contained in the record and was contrary to applicable legal standards.

Plaintiff moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12(c)"), seeking reversal of the Commissioner's ruling or, in the alternative, remand of the matter for a new hearing. The Commissioner cross-moves for judgment on the pleadings pursuant to Rule 12(c), on the grounds

---

[1] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated October 2, 2007.

that ALJ Reddy's decision was supported by substantial evidence contained in the record and was based on the correct application of appropriate legal standards. For the reasons set forth below, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings, and deny Plaintiff's motion for judgment on the pleadings.

## **BACKGROUND**

On November 26, 2003, Plaintiff, at that time 45 years-old, filed an application for Disability Insurance Benefits. Plaintiff claimed an inability to work since September 2, 2003, due to issues related to multiple back and neck surgeries (Tr. at 50). Plaintiff's application was denied initially on August 20, 2004 (Tr. at 29), and she then filed a timely request for a hearing before an ALJ (Tr. at 33). Plaintiff appeared, with counsel, in an administrative hearing before ALJ William J. Reddy on September 12, 2005 in Buffalo, NY (Tr. at 287).

In a decision dated November 21, 2005, ALJ Reddy found that although Plaintiff's lumbar and depression impairments were severe, the Plaintiff was not disabled within the meaning of the Social Security Act ("the Act")(Tr. at 25). Plaintiff appealed to the Social Security Appeals Council ("Appeals Council") on January 20, 2006 (Tr. at 285).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review of the ALJ's decision on May, 18, 2006 (Tr. at 5-7). On June 29, 2006, Plaintiff filed this action.

## **DISCUSSION**

### I. **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v.

Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle her to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**II. The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

In finding that Plaintiff was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's five-step sequential evaluation analysis for evaluating applications for disability benefits. See 20 C.F.R. § 404.1520.[2] Under Step one of that process, the

---

[2] Five-step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines

ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (Tr. at 16).

At Steps two and three, the ALJ found that Plaintiff had lumbar and depression impairments, which were severe within the meaning of the Regulations but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4., Listings 1.04 (Spinal Disorders) and 12.04 (Affective Disorders) (Tr. at 17). Further, at Steps four and five, the ALJ concluded that Plaintiff retained the residual functional capacity to perform the functional demands of a restricted range of sedentary level exertional work, or work which is generally performed while sitting and not requiring lifting in excess of ten pounds (Tr. at 23).[3] Although the ALJ determined that Plaintiff could not return to her prior occupational activities as a bakery laborer or bakery supervisor because it required activities beyond her residual functional capacity, the ALJ found that Plaintiff could perform such jobs as a ticket seller or cashier, jobs which existed in significant numbers in the Western New York region. (Tr. at 24).

---

whether claimant could perform other work. See id.

[3] Sedentary Work involves lifting no more than ten pounds and occasionally lifting or carrying articles like docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a).

Based on the entire record, and particularly the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled.

A. Medical evidence in the record supports the ALJ's finding that Plaintiff is not disabled.

The plaintiff contends that the medical evidence in the record support a finding of disability. The ALJ after following the five step analysis as required by the statute, and found that the Plaintiff was not disabled within the meaning of the Act. The ALJ concluded that the Plaintiff retained the "functional capacity to perform the functional demands of a restricted range of sedentary level exertional work, or work which is generally performed while sitting and not requiring lifting in excess of ten pounds (Tr. at 23)." Although plaintiff's treating physicians, Dr. Kansal and Dr. Tracy, opined that Plaintiff was disabled (Tr. at 218, 280-84), their own notes presented conflicting findings (Tr. at 218-58, 259-78). Their progress notes and reports reveal that although plaintiff had fluctuating degrees of difficulty functioning in her day to day life, that she had experienced a great deal of improvement. Id. The ALJ found that plaintiff was indeed functioning at a level sufficient to maintain an exertional level which permitted her to work at a job consistent with her residual functional capacity. Id.

Furthermore, the opinions of a number of consultative examiners are consistent with this conclusion. Dr. Mohammad Jaffri reported that his examination of plaintiff revealed that despite her back issues, she functioned well, and could continue to function well with limitations on repetitive bending, pushing and pulling (Tr. at 150-55). Dr. Fenwei Meng examined the Plaintiff and found her to be in fairly good physical condition, and functioning fairly well in her day to day life activities (Tr. at 214-16).

The state agency medical consultant's findings were consistent with these conclusions (Tr. at 181, 217). Dr. Janis L. Dale found that the Plaintiff was able to perform light work activity with an occasional restriction of repetitive wrist movements due to carpal tunnel syndrome. Id.

An examination of the record also reveals that the plaintiff's psychiatric impairment is mild and would not support a finding of disability. Drs. Kansal and Tracy both note a history of depression, but there is little evidence of objective medical findings or extensive treatment of any kind (Tr. at 247-48, 259, 276-77, 295).

The ALJ also took into consideration the medical evidence received following Dr. Kansal's December 8, 2003 assessment and concluded that it did not offer ". . . any credible indication or suggestion of physical limitations in

excess of the cited opinion." (T. 23). In determining the degree of severity of claimant's depression impairment, the ALJ properly relied upon the assessment made by Dr. Thomas Ryan, a consultative medical examiner and the assessment of Dr. George Brunett and concluded that the claimant "demonstrates a mild degree of limitation in the activities of daily living area of functioning; a mild degree of limitation in the social area of functioning; a moderate degree of limitation in the concentration, persistence, and pace area of functioning; and no episodes of decompensation." (T. 23).

The ALJ properly concluded based on the evidentiary record in its entirety, that the claimant retained a residual functional capacity to perform the functional demands of a restricted range of sedentary exertional work and, therefore, was not disabled within the meaning of the Act.

B. <u>The ALJ properly explained his reasons for disregarding the treating physician's opinions.</u>

The plaintiff contends that the ALJ failed to give sufficient weight to the opinions of plaintiff's treating physician, Dr. Tracy. The Second Circuit authority grants controlling weight to the opinion of a treating physician. <u>Clark v. Commissioner of Soc. Sec.</u>, 143 F.3d 115, 118 (2d Cir. 1998). Indeed, courts in this circuit require that an ALJ provide explanations, or "good reasons," when choosing to discount the opinion of a treating physician. <u>See</u> <u>Schaal v.</u>

Apfel, 134 F.3d 496, 505 (2d Cir. 1998); see Vales v. Apfel, No. 99-CV-3298 (JG), 2000 WL 863462, at *5, 2000 U.S. Dist. LEXIS 8209, at *18, (E.D.N.Y. June 13, 2000). An ALJ must consider the following factors in determining whether a treating physician's opinion is to be given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors." Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998) (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).

The ALJ gave a detailed, extensive explanation for discounting Dr. Tracy's opinion.

> *"Dr. Tracy appears to have based his assessment primarily, if not solely, upon the claimant's assertions and complaints [i.e., 'this [assessment was done in discussion with the patient']; that he provided no objective clinical, diagnostic or laboratory findings to support the degree of limitation assessed; that he failed to offer any indication or description of the specific medical observations utilized to form the basis of his assessment; that he offered no specific rationale for his assessment, so that it is impossible to discern how the documentary evidence gave rise to his ultimate opinion; that the record reveals no significant evidence of muscoskeletal or neurological compromise which would affect the claimant's ability to lift, carry, stand, walk, sit, or perform other physical activities to the degree as indicated by the assessment ; that his assessment is inconsistent with specific medical findings and/or observations made elsewhere in the record,... that his assessment is not supported by reports which indicate only routine, conservative, outpatient care; and that his assessment is inconsistent with the claimant's self-reported activities of daily living..." (Tr. at 22).*

The importance of the first reason cited by the ALJ (that Dr. Tracy based his assessment primarily on the Plaintiff's assertions and complaints) was somewhat mitigated by the plaintiff's production of a letter dated September 13, 2005 wherein Dr. Tracy states that his assessment was based on his "best estimate of the claimant's physical abilities given all of the medical information."  However, the balance of the ALJ's cited reasons for discounting the opinion of Dr. Tracy are accurate, supported by the record, and consistent with Second Circuit authority (supra).

        C.    <u>The ALJ was not required to re-contact Dr. Tracy.</u>

The Plaintiff contends that if the ALJ felt that there was a lack of objective medical evidence to support Dr. Tracy's opinions, the ALJ was required to re-contact Dr. Tracy prior to making his decision.  The plaintiff also relies upon an ALJ's duty to seek additional information *sua sponte* if there are inadequate clinical findings to make a disability inquiry.  <u>See Clark</u>, 143 F.3d at 118; <u>Schaal</u>, 134 F.3d 496, 505.

It is clear that the ALJ did not find the clinical findings in the record inadequate, but rather that Dr. Tracy's opinion contradicted the prevailing weight of medical evidence in the record.

As discussed previously, the opinion of a treating physician can be properly discounted if it is inconsistent with

the record as a whole. The ALJ found that Dr. Tracy's opinions conflicted with the evidence in the record as a whole and that the weight of the credible evidence favored a finding that the Plaintiff was not disabled.

The ALJ did not have an affirmative duty in this case to re-contact Dr. Tracy because the record was sufficiently developed. The fact that Dr. Tracy's opinion conflicted with the prevailing weight of evidence in this case does not necessitate that Dr. Tracy be re-contacted by the ALJ.

D. <u>The ALJ was not required to discuss Plaintiff's work record in his decision.</u>

The Plaintiff also argues that the ALJ erred in not explicitly considering her work record in his decision. An ALJ's failure to cite specific evidence in his decision does not mean that it was not considered. <u>Craig v. Apfel</u>, 212 F.3d 433 at 436 (8th Cir. 2000). Furthermore, an ALJ is not required to explicitly address each piece of evidence present in the record in order to sufficiently support his decision. "When...the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he mention every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." <u>Monguer v. Heckler</u>, 645 F.2d 1033 at 1040 (2nd Cir 1983); <u>Berry v. Schweiker</u>, 675 F.2d 464, 469 (2nd

Cir. 1982); See also Brunson v. Callahan, 199 F.3d 1321 (2nd Cir. 1999).

The fact that the ALJ did not mention the Plaintiff's work record in his decision does not mean that it was not considered, nor does it mean that the ALJ's decision was in error.

## CONCLUSION

For the reasons set forth above, I conclude that the ALJ's decision was supported by substantial evidence in the record and, therefore, grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


                                        S/Michael A. Telesca

                                        _____
                                           MICHAEL A. TELESCA
                                        United States District Judge

Dated:    Rochester, New York
          October 29, 2007